604 So.2d 873 (1992)
TUTTLE's DESIGN-BUILD, INC., a Florida Corporation, and Preferred National Insurance Company, a Florida Corporation, Appellants,
v.
FLORIDA FANCY, INC., a Florida Corporation, Appellee.
No. 92-00642.
District Court of Appeal of Florida, Second District.
August 12, 1992.
Rehearing Denied September 21, 1992.
Kenneth A. Marra of Nason, Gildan, Yeager, Gerson & White, P.A., West Palm Beach, for Tuttle's Design-Build, Donald W. Yetter of Ferrell, Ferrell, Yetter & Lowe, Bradenton, for Preferred Nat. Ins. Co.
Mark A. Nelson of Harllee, Porges, Hamlin & Hamrick, P.A., Bradenton, for appellee.
BLUE, Judge.
Tuttle's Design-Build, Inc. (Tuttle's) and Preferred National Insurance Company (Preferred) argue the trial court erred in denying their motions to dismiss the complaint of Florida Fancy, Inc. (Florida Fancy) for improper venue. We agree.
Florida Fancy delivered material to Tuttle's, a landscaping subcontractor, for use in a public construction project located in Palm Beach County. In its complaint filed in Manatee County, Florida Fancy asserted a claim against a payment bond issued by Preferred for Tuttle's pursuant to section 255.05, Florida Statute (1991). Preferred and Tuttle's each filed motions to dismiss the complaint for improper venue on the basis that the language of the bond specifically restricted venue to the county in which the project was located. The trial court denied these motions.
Tuttle's and Preferred contend Florida Fancy, as a third party beneficiary under the payment bond, is bound by the forum selection provision contained in the bond. Forum selection clauses, such as the *874 one under consideration here, are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. Manrique v. Fabbri, 493 So.2d 437 (Fla. 1986).
We reverse the order denying change of venue and remand allowing the trial court to determine whether circumstances exist which would cause enforcement of the forum selection clause to be unreasonable. Without such a finding, the forum selection clause is valid and enforceable.
Reversed and Remanded.
THREADGILL, A.C.J., and PARKER, J., concur.