781 So.2d 423 (2001)
AMERICA ONLINE, INC., Appellant,
v.
Hampton G. BOOKER, and Arthur E. Sweeney, Jr., individually and on behalf of all others similarly situated, Appellees.
No. 3D00-2020.
District Court of Appeal of Florida, Third District.
February 7, 2001.
Clarification/Rehearing Denied April 18, 2001.
*424 Gerald J. Houlihan, and Julie A. Zahniser, Miami; Mayer, Brown & Platt, and Robert J. Kriss, and Michael Scodro, and Kenneth J. Merlino, for appellant.
Kluger, Peretz, Kaplan & Berlin, and Abbey L. Kaplan; Andrew V. Tramont, Miami; Honey L. Kober, for appellees.
Before COPE, GERSTEN, and GREEN, JJ.
Clarification/Rehearing En Banc Denied April 18, 2001.
PER CURIAM.
America Online, Inc. ["AOL"], appeals an adverse order in a breach of contract action brought by member subscribers, which certified a class action and denied AOL's motion to dismiss for improper forum. We reverse, finding the trial court erred in refusing to enforce the forum selection clause.
Appellees Hampton G. Booker and Arthur E. Sweeney (hereafter collectively referred to as "plaintiffs") filed a putative class action on behalf of themselves and other current and former member/subscribers of appellant America Online, Inc. ("AOL"). The amended complaint alleged AOL breached its "Terms of Service" ("TOS") contract with member subscribers by charging members for time spent reading "pop up" advertisements.
After the plaintiffs moved for class certification, AOL filed a motion to dismiss for improper forum. The TOS contained a forum selection clause which required plaintiffs to bring claims in Virginia.[1] The plaintiffs opposed the motion to dismiss arguing they would effectively be denied a remedy if the forum selection clause were to be enforced. Since there is no mechanism for class actions in Virginia state courts, the plaintiffs contended they would have to litigate individual cases in Virginia small claims court, and that to do so would be economically impractical.
The trial court decided it could not determine the dismissal issue until after it determined whether the case should be certified as a class action. It subsequently heard further arguments and granted the plaintiffs' motion to certify. AOL's motion to dismiss was denied on the basis the forum selection clause was unenforceable because it would prevent the plaintiffs from utilizing their class action remedy. AOL appeals the adverse order.
Contractual forum selection provisions are presumptively valid and generally enforceable. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); Manrique v. Fabbri, 493 So.2d 437 (Fla.1986). Courts have recognized that forum selection clauses enhance *425 contractual and economic predictability, while conserving judicial resources and benefitting commercial entities as well as consumers. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 594, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).[2]
To promote these policy goals, Florida courts are directed to give effect to agreements on forum selection in order to "recognize the legitimate expectations of contracting parties." Manrique v. Fabbri, 493 So.2d at 440; see Prestige Rent-A-Car, Inc. v. Advantage Car Rental and Sales, Inc., 656 So.2d 541 (Fla. 5th DCA 1995); Tuttle's Design-Build, Inc. v. Florida Fancy, Inc., 604 So.2d 873 (Fla. 2d DCA 1992). The only exception to this general rule is narrowly drawn where there is a showing that enforcement would be unreasonable or unjust; the exception is not triggered by mere inconvenience or additional expense. Manrique v. Fabbri, 493 So.2d at 440.
Here, the forum selection provision was obtained through a freely negotiated agreement which has not been shown by the plaintiffs to be either unreasonable or unjust. The unavailability of a class action procedure in the transferee forum is not sufficient, standing alone, to render an otherwise valid forum-selection clause unenforceable. Florida plaintiffs cannot defeat otherwise valid provisions requiring suit in other states simply by asserting a cause of action in the name of a putative class.
Accordingly, we find the choice of forum clause valid and enforceable. Parties have the right to control their litigation destinies by bargaining for the ability to litigate in a specific forum. See Celmins v. America On Line, 748 So.2d 1041 (Fla. 2d DCA 1999). The order below is reversed and the case is remanded with instructions to grant AOL's motion to dismiss for improper venue. In view of our resolution on the venue issue, the remaining points on appeal have been rendered moot and need not be addressed.
Reversed and remanded with instructions.
NOTES
[1] The TOS to which Booker and Sweeney agreed upon becoming AOL hourly plan members states that "[t]he laws of the Commonwealth of Virginia, excluding its conflictsof-law rules, govern this Agreement and your membership" and further provides that "[y]ou expressly agree that exclusive jurisdiction for any claim or dispute with AOL or relating in any way to your membership or your use of AOL resides in the courts of Virginia and you further agree and expressly consent to the exercise of personal jurisdiction in the courts of Virginia in connection with any such dispute."
[2] As noted in Carnival Cruise Lines, Inc. v. Shute, 499 U.S. at 594, 111 S.Ct. 1522, such clauses "dispel[ ] any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." The savings that are realized by commercial entities in "limiting the fora in which it may be sued" are then passed on to its customers in the form of lower prices. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. at 594, 111 S.Ct. 1522.