807 So.2d 80 (2001)
Regina KANNER, Appellant,
v.
PAN AMERICAN ASSISTANCE, INC., Appellee.
No. 3D01-1841.
District Court of Appeal of Florida, Third District.
December 5, 2001.
Rehearing Denied February 27, 2002.
*81 Carl M. Lambert and Richard Kanner, Miami, for appellant.
Amstrong & Mejer and Alvaro J. Mejer, Coral Gables, for appellee.
Before COPE and GERSTEN, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
Regina Kanner, daughter, attorney, and holder of power of attorney, for Pola Laiter, sued insurer Pan American Assistance Incorporated, in a two count complaint seeking damages for breach of contract and attorney's fees. Kanner alleged that Laiter entered into a contract with Pan American in Medellin, Colombia, in which "[F]or valuable consideration ... [Pan American] agreed to pay for [Laiter's] medical expenses while she was traveling outside Colombia." Further, "while in Miami and while the contract was viable [Laiter] fell and broke her hip and incurred medical expenses...." Kanner alleged that Pan American paid $15,000.00, however refused to pay the balance of Laiter's expenses.
Attached to the complaint was the contract, written in Spanish, entered into between Laiter and Pan American. The complaint was subsequently amended. In response, Pan American filed a certified translation of the agreement's jurisdictional clause, which provides:
G. JURISDICTION The Holder and Pan American Assistance agree, in all matters relative to the contract entered into and between them, to be under the jurisdiction of the regular Courts on Commercial Matters in the country in which Pan American Assistance provides assistance, to the exclusion of any and all other venues or jurisdictions, except in the United States, and Canada, where they agree to be under the sole jurisdiction of the Regular Courts on Commercial Matters in the capital city of the country in which the card was issued.
*82 The insurer filed a motion to dismiss, claiming improper venue and failure to state a cause of action. After a hearing on the matter, agreeing with the insurer, the trial Court dismissed the action on this policy, which it found was issued in Columbia, and contained a provision for jurisdiction where issued.
Arguing a general weakness in the Colombian judicial system, Kanner maintains that the contract's choice of forum clause should not have been deemed binding. Also, she argues that because of the insurer's overwhelming bargaining power, it was able to unilaterally choose Colombia as the forum for disputes and that the contract thus amounted to a contract of adhesion.
The law of the matter is effectively set out by the Supreme Court in Manrique v. Fabbri, 493 So.2d 437, 439-40 (Fla.1986)(footnote omitted), wherein the Court observed:
Florida courts should recognize the legitimate expectations of contracting parties. The trial courts of this state can effectively protect a party by refusing to enforce those forum selection provisions which are unreasonable or result from unequal bargaining power. We hold that forum selection clauses should be enforced in the absence of a showing that enforcement would be unreasonable or unjust.
A footnote to that section emphasizes that the test of unreasonableness is not mere inconvenience or additional expense. See Manrique, 493 So.2d at 440(citing Societe Jean Nicolas Et Fils v. Mousseux, 123 Ariz. 59, 597 P.2d 541 (1979)). Moreover as Manrique explains:
[I]t should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.
Manrique, 493 So.2d at 440 n. 4 (emphasis added)(citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).
Blacks law dictionary defines the word "show" as "[t]o make (facts, etc.) apparent or clear by evidence; to prove." Black's Law Dictionary (7th ed.1999). This is in accordance with the common understanding of the term. Once a pleading has been set up to avoid the general rule as set out in Manrique, it is incumbent upon the party seeking to avoid a contract's forum selection clause to arrange a time for her and the other side to argue the controlling facts and cases. Matters may be presented to the court by stipulation or proffer, so long as the other party is not unduly prejudiced or surprised. We cannot, however, accept Kanner's argument that there is time yet in which she may make the required "showing." The determination of the forum must occur before the trial on the merits.
In the instant case, Kanner simply failed to make the required showing. With no more than her bald assertions of inefficiency and lethargy in the Colombian judicial system, and the empty claim of adhesion, the trial court properly held the insured's claim was insufficient to withstand dismissal based on the insurer's argument of improper venue. Accordingly, we conclude that the trial court properly enforced the contract's forum selection clause and dismissed the action.
The order under review is therefore affirmed.