818 So.2d 603 (2002)
Margaret THOMPSON and Serendipity Keys, Inc., a Florida corporation d/b/a Tavernier Hotel Company, Appellants,
v.
KEYSWAY INVESTMENT, INC., Appellee.
No. 4D01-3895.
District Court of Appeal of Florida, Fourth District.
May 15, 2002.
David L. Deehl and Michele K. Feinzig, Of Counsel, of Deehl & Carlson, P.A., Coral Gables, for appellants.
Marc A. Silverman of Frank, Weinberg & Black, P.L., Plantation, for appellee.
OWEN, WILLIAM C., JR., Senior Judge.
This non-final appeal is from an order denying appellants' motion to dismiss or transfer for improper venue. We affirm.
Appellants were sued in Broward County for an alleged breach of contract. Although Broward County has no relationship with the appellants or the subject matter of the alleged cause of action, the contract upon which the suit is based contained a provision that "Venue for any litigation arising out of this agreement shall lie in Broward County, Florida." That language is not mere consent to venue lying in Broward County, but is viewed as mandatory. See Sander v. Rayman, 800 So.2d 355, 358 (Fla. 4th DCA 2001).
Forum selection clauses are presumptively valid and should be enforced in the absence of a showing that enforcement would be unreasonable or unjust. See Manrique v. Fabbri, 493 So.2d 437, 440 (Fla.1986).[1]Accord, Bombardier Capital *604 Inc. v. Progressive Mktg. Group, Inc., 801 So.2d 131 (Fla. 4th DCA 2001); America Online, Inc., v. Booker, 781 So.2d 423, 425 (Fla. 3d DCA 2001); Management Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 631 (Fla. 1st DCA 1999). Here the trial court did not find, nor did appellee make a showing, that enforcement would be unreasonable or unjust. The order appealed is affirmed.
AFFIRMED.
HAZOURI and MAY, JJ., concur.
NOTES
[1] In the Manrique case, the court went on to make clear that the test of unreasonableness is not mere inconvenience or additional expense, but that the party seeking to escape his contract must show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Manrique, 493 So.2d at 440 n. 4.