THOMAS, J.
 

 Appellants, Taurus Stornoway Investments, LLC (Taurus Investments) and Taurus Investment Holdings, LLC (Taurus Holdings), appeal the trial court’s denial of their motion to dismiss the complaint for dissolution pursuant to section 608.449, Florida Statutes. The motion to dismiss was predicated on a forum selection clause in the parties’ Operating Agreement. We have jurisdiction.
 
 See
 
 Fla. R.App. P 9.130(a)(3)(A). For the reasons explained below, we reverse.
 

 Factual Background
 

 Taurus Holdings entered into an Operating Agreement (“Agreement”) with Ap-pellees to form Taurus Investments, a Florida Limited Liability Company (LLC). Appellees are members of Taurus Investments. Its principle office is in Jacksonville, Florida, and its primary assets are an apartment complex in Orlando and an office building in Duval County. Taurus Holdings and at least two of its manag- • ers/owners are located in Massachusetts. The Agreement includes a clause that provides as follows:
 

 12.4
 
 Governing Law.
 
 This Agreement shall be governed exclusively by the laws of the State of Florida, including the [Florida Limited Liability Company] Act, notwithstanding any choice of law to the contrary, and all disputes under or relating to this Agreement shall be resolved by the courts of The Commonwealth of Massachusetts.
 

 A dispute arose between Taurus Investments and Appellees, resulting in Taurus Investments filing a complaint against Ap-pellees and one other party in Massachusetts Superior Court in February 2009. The complaint contains a number of allegations relating to the formation and operation of Taurus Investments, including breach of the Agreement, unjust enrichment, misrepresentation, and fraudulent inducement. The following month, Appel-lees filed a complaint against Appellants in Florida’s Fourth Circuit Court seeking dissolution of Taurus Investments, pursuant to section 608.449, Florida Statutes.
 

 Appellees’ Florida complaint, which acknowledges the Agreement, alleges that Taurus Holdings’ managers violated the Agreement by improperly denying Appel-lee Kerley access to Taurus Investments’ facilities and his e-mail; wasting and misappropriating Taurus Investments’ assets; allowing distributions to pay personal debts; allowing distributions which were made in violation of the Florida Limited Liability Company Act (“LLC Act”); diverting Taurus Investments’ funds to service their personal debts; and pledging Taurus Investments’ assets as collateral for their personal debts.
 

 Appellants filed a motion to dismiss, asserting that an action was pending in Massachusetts and the Agreement mandates that, although the Agreement was to be governed by Florida substantive law, all disputes relating to the Agreement were to be resolved by the courts of Massachusetts. The trial court denied the motion, finding that section 608.4491(1), Florida Statutes (2009), “contains a jurisdictional
 
 *842
 
 component, requiring that actions for the judicial dissolution of a limited liability company be brought only in the county where the company’s principal office is or was last located, notwithstanding the parties’ agreement to the contrary contained in the operating agreement.”
 

 Analysis
 

 The trial court’s denial of Appellants’ motion to dismiss rested on statutory in-teipretation; consequently, our review is de novo.
 
 See Mgmt. Computer Controls, Inec. v. Charles Perry Constr.,
 
 743 So.2d 627, 630 (Fla. 1st DCA 1999) (holding where venue order turns on issue of law, order is reviewed de novo).
 

 Section 608.4491(1), Florida Statutes (2009), provides: “Venue for a proceeding brought under s. 608.449 lies in the circuit court of the county where the limited liability company’s principal office is or was last located.... ” The trial court found that this statute “contains a jurisdictional component” which requires LLC judicial dissolution actions to “be brought only in the county where the company’s principal office is or was located.”
 

 On its face, the trial court’s order erroneously conflates venue and jurisdiction. Venue and jurisdiction are not synonymous; rather, venue concerns the privilege of being accountable to a particular court in a particular location, whereas jurisdiction is “ ‘the power to act,’ the authority to adjudicate the subject matter.”
 
 Bush v. State,
 
 945 So.2d 1207, 1211 (Fla.2006) (quoting
 
 Williams v. Ferrentino,
 
 199 So.2d 504, 510 (Fla. 2d DCA 1967)). Applying this concept to the facts, the
 
 Bush
 
 court explained, “Although all circuit courts in the state have jurisdiction to issue writs of mandamus ... the question here is where in the state a party should be held to answer such a petition, which is a question of venue.”
 
 Id.
 

 Likewise, section 608.461, Florida Statutes, provides that “circuit courts shall have jurisdiction to enforce the provisions of this chapter.” Section 608.4491(1), on the other hand, delineates in which circuit court an LLC judicial dissolution action must be brought.
 

 Appellants do not contest the subject matter jurisdiction which Florida circuit courts have over LLC dissolution actions; rather, they argue that the Agreement contains a valid and enforceable forum selection clause. Thus, the Florida circuit court can and should decide not to exercise jurisdiction. This position is consistent with Florida law.
 

 As the Florida Supreme Court unanimously held more than 20 years ago, in reliance on an analysis of the United States Supreme Court, “Forum selection clauses ... do not ‘oust’ courts of their jurisdiction. They merely present the court with a legitimate reason to refrain from exercising that jurisdiction.”
 
 Manrique v. Fabbri,
 
 493 So.2d 437, 439-40 (Fla.1986). As to arguments asserting the dangers of such clauses, the
 
 Fabbri
 
 court stated that Florida courts can “effectively protect a party by refusing to enforce those forum selection provisions which are unreasonable or result from unequal bargaining power.”
 
 Id.
 
 Based on this analysis, the
 
 Fabbri
 
 court held that “forum selection clauses should be enforced in the absence of a showing that enforcement would be unreasonable or unjust.” Id.
 

 Appellees argue that, although section 609.4491(1) addresses venue, it does so only in the context of choosing among those circuit courts. Applying the principles explained in
 
 Fabbri,
 
 however, we .think that contractual forum selection provisions create a legitimate basis for Florida circuit courts, wherever located, to decline to exercise their jurisdiction. Thus, although section 608.461 vests Florida circuit courts with jurisdiction to hear LLC actions, and section 608.4491(1) mandates in
 
 *843
 
 which circuit court LLC dissolution actions must be heard, neither statute prohibits parties from agreeing to have such matters heard in a different forum.
 

 Appellees assert that section 608.461 is the Legislature’s expression of a public policy giving Florida circuit courts the exclusive jurisdiction over matters arising under the LLC Act, regardless of whether the parties agree to a different forum outside the state. But this is not what the statute says. Had it been the Legislature’s intent to prohibit or limit such agreements in the LLC context, it could easily have done so, as it did, for example, in section 680.1061(2), Florida Statutes: “If the judicial forum chosen by the parties to a consumer lease is a forum that would not otherwise have jurisdiction over the lessee, the choice is not enforceable.” Obviously, the legislature knows precisely how to prohibit the enforcement of forum selection clauses.
 

 Appellees also argue that, unlike section 608.449 dissolution proceedings, in actions brought pursuant to section 608.441, parties may waive their right to seek dissolution in Florida courts; thus, forum selection clauses are at least implicitly allowed under the latter statute, but are disallowed under the former. This argument is mer-itless. Section 608.441 addresses the circumstances under which a circuit court
 
 must
 
 dissolve an LLC, whereas section 608.449 addresses the circumstances under which a circuit court
 
 may
 
 do so. Neither statute addresses, implicitly or explicitly, the rights of parties to choose a forum other than Florida.
 

 Thus, contrary to the trial court’s finding, section 608.4491(1) does not contain a jurisdictional component; rather, it is a venue statute that, although acknowledging circuit courts’ subject matter jurisdiction over judicial dissolution of LLCs, merely dictates the proper location of the circuit court in which such actions should be heard. In the absence of a specific statutory prohibition against forum selection provisions in LLC agreements, such agreements are enforceable so long as they are not unreasonable or unjust.
 

 Here, the trial court made no findings as to the unreasonableness or unjustness of the forum selection clause at issue. Appellees do not argue that the clause is unreasonable or unjust; rather, they assert that pursuing this matter in Massachusetts is “impractical” for various reasons, all of which go to the inconvenience of Massachusetts as a forum, not the validity of the forum selection clause.
 

 Although it may be true that enforcing orders on judgments issued by a Massachusetts court in Florida may prove more burdensome than if the matter were litigated in Florida, this is the risk inherent and implicit in any forum selection clause providing for venue in a foreign state where one or more parties are in Florida. The law will not excuse a party from compliance with a reasonable forum selection clause agreed to by contract. Absent any argument or record evidence establishing an unreasonable or unjust result, we cannot hold that the forum selection clause at issue is invalid.
 

 Conclusion
 

 Based on the foregoing, we hold that the trial court erred in finding that section 608.4491(1), Florida Statutes (2009), is jurisdictional and mandates that dissolution actions brought pursuant to chapter 608 may only be heard in Florida circuit courts. Consequently, we REVERSE the trial court’s order denying Appellants’ motion to dismiss Appellees’ complaint.
 

 HAWKES, C.J., and VAN NORTWICK, J., concur.