[Cite as *Scott v. Indep. Savs. Plan Co.*, 2014-Ohio-1754.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI   COUNTY

JAMES L. SCOTT

       Plaintiff-Appellant

v.

INDEPENDENT SAVINGS PLAN
COMPANY, dba ISPC

       Defendant-Appellee


Appellate Case No. 2013-CA-19

Trial Court Case No. 11-816

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

**O P I N I O N**

Rendered on the    25th    day of      April    , 2014.

. . . . . . . . . . .

MIRIAM H. SHELINE, Atty. Reg. #0018333, Pro Seniors, Inc., 7162 Reading Road, Suite 1150, Cincinnati, Ohio 45237
     Attorney for Plaintiff-Appellant

BRIGID E. HEID, Atty. Reg. #0047142, and BRIAN S. STEWART, Atty. Reg. 0088240, Carlile Patchen & Murphy LLP, 366 East Broad Street, Columbus, Ohio 43215
     Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.,

{¶ 1}　James Scott bought a residential water conditioning system from an Ohio company and financed the purchase through a Florida company, ISPC (Independent Savings Plan Company). The financing agreement contains a forum-selection clause designating Hillsborough County, Florida, as the venue for any lawsuit. Scott made the minimum monthly payments for a little over a year and then stopped paying, so ISPC filed an action on account against Scott in Florida. After Scott failed to appear, the Florida court entered a default judgment. To collect on its judgment, ISPC garnished Scott's bank account at a Florida branch of his bank and the judgment has been satisfied.

{¶ 2}　The two principal issues here are whether the Florida judgment is void on personal-jurisdiction grounds and whether the forum-selection clause is valid and enforceable. Appellant argues that the Florida judgment is void. The trial court determined that "this Court does not have authority to declare a judgment entered in a Florida Court to be unenforceable in Florida. This Court can only declare the judgment to be unenforceable in Ohio." We agree. Aside from the question of enforceability of a foreign judgment in Ohio, the only procedure of which we are aware by which one could collaterally attack a foreign judgment is under Ohio's Uniform Enforcement of Foreign Judgment Act which requires the filing of a copy of the foreign judgment which Scott did not do. Consequently, he cannot collaterally attack it, and we must assume that the Florida judgment is valid. Furthermore, because enforcement of the forum-selection clause would not be unreasonable and unjust under Florida law, we are unable to hold that the clause is invalid. Based on these two conclusions, Florida law, and provisions in the financing agreement, the trial court properly dismissed Scott's claims under the Ohio Consumer Sales Practices Act and the Ohio Home Solicitation Sales Act and his claims of abuse of process and malicious

prosecution. We affirm.

## I. FACTS

**{¶ 3}** On September 21, 2007, at his home, Scott agreed to buy a $4,000 water conditioning system from Easton Water Solutions, LLC, an Ohio company. Easton had a relationship with, and provided documentation for financing with ISPC, a Florida company, which provides customer financing for products like this. Scott decided to finance the purchase with ISPC and signed an "ISPC Open-End Credit Application and Agreement." This account has the appearance of a credit card account; an eight digit account number, a credit line in excess of the amount borrowed, and a monthly minimum amount due. Basically, Scott opened a credit account with ISPC and Scott agreed to pay an Annual Percentage Rate (APR) of 8.8% on his account's average daily balance. Scott also agreed to make at least minimum monthly payments that started at $32 each month. The financing agreement contains a choice-of-law provision stating that Florida law governs and contains a forum-selection clause stating that the venue for any lawsuit is Hillsborough County, Florida. On the first page of the credit application and agreement is a cancellation notice stating that the buyer may cancel the transaction at any time before midnight of the third business day after the date of the transaction. Underneath the notice, on a blank line headed "Cancellation Deadline," Easton wrote "9-21-07"–the same day that Scott signed the agreement. Later that same day, ISPC placed a "'[c]are call'" to Scott "to verify his understanding of the details and terms of his agreement with ISPC."[1] A few days later, Easton installed the water conditioning system.

---

[1] RESPONSES AND ANSWERS OF DEFENDANT INDEPENDENT SAVINGS PLAN COMPANY TO PLAINTIFF'S FIRST COMBINED REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES, Interrogatory No. 5.

**{¶ 4}**     The following month, Scott sent a check to ISPC's Florida office for the monthly minimum. He did the same each following month through December 2008. Then Scott stopped paying. In an affidavit, Scott explains why: "I made payments of $32 to ISPC for 3 years, but the principal never went down. They claimed I was making the payments late. I told them I wanted them to take the unit back, but they ignored me, so I quit making payments in 2010. * * *" (*Affidavit of James Scott*, ¶ 8).[2]

**{¶ 5}**     During 2009, ISPC called Scott numerous times about his failure to pay, to no avail. Finally, on December 10, 2009, ISPC filed suit in Hillsborough County, Florida, alleging that Scott owed it $4,505.13, plus interest, court costs, and attorney's fees. On January 30, 2010, in Ohio, Scott was personally served with a summons and the complaint. The summons tells Scott that he is "required to appear in person or by attorney" at the Florida court on February 2, 2010, for a pre-trial conference, and it warns him that he "must appear in court on the date specified in order to avoid a default judgment." But the summons also indicates that the pre-trial conference could be rescheduled for good cause and with court approval. Scott did not appear at the pre-trial conference, nor did he contact the Florida court, ISPC's attorney, or ISPC. On February 10, 2010, the Florida court entered a default judgment against Scott for $4,505.13 in principal (purchase price of the water system, plus interest, minus monthly payments made), $193.50 in pre-judgment interest, $425 in court costs, and $550 in attorney fees–a total of $5,673.63 plus interest at 6% per year.

---

[2] While Scott avers that he stopped paying in 2010, ISPC's transaction sheet, attached to its interrogatory responses, shows that the last payment was in December 2008. We note too that ISPC filed its lawsuit in December 2009. And according to one of ISPC's interrogatory responses, ISPC began calling Scott about his failure to pay in January 2009.

{¶ 6}   ISPC called Scott several times to make payment arrangements to satisfy the judgment, to no avail. ISPC then filed for a writ of garnishment in the amount of $5,999.49–the judgment amount plus post-judgment interest and additional amounts for attorney fees and court courts. In August 2010, the Florida clerk of courts issued a writ of garnishment as to Scott against any Florida branch of Fifth-Third Bank, with which Scott had opened an account in Ohio. The bank garnished $11,918.98 from his account–all the money in it. The next month, the Florida court entered a final judgment in garnishment, ordering Fifth-Third Bank to give ISPC $6,315.39 to satisfy its judgment against Scott. The rest of the garnished amount, $5,603.59, was returned to Scott's bank account.

{¶ 7}   A little more than a year later, on December 1, 2011, Scott filled an action in Ohio against ISPC, asserting causes of action for violations of the Ohio Consumer Sales Practices Act, a violation of the Ohio Home Sales Solicitation Act, malicious prosecution, and abuse of process. The prayer for relief pertinently asks the court to declare the Florida judgment void and unenforceable and declare the forum-selection clause in the financing agreement unenforceable. ISPC filed a motion to dismiss the complaint, which the trial court sua sponte converted to a motion for summary judgment. The court allowed the parties to conduct supplemental discovery and to file supplemental briefs, both of which the parties did. In his supplemental brief, Scott included a motion to amend the complaint by adding a claim of conversion. The trial court did not rule on the motion. Scott moved for more time for discovery on the contacts between him and ISPC, the relationship between ISPC and Easton Water Solutions, and ISPC's basis for claiming attorney fees and other expenses in its Florida action. The court denied the motion. On April 22, 2013, the trial court sustained ISPC's converted motion for summary judgment and dismissed all

of Scott's claims.

{¶ 8}     Scott appealed.

## II. ANALYSIS

{¶ 9}     Scott presents eight assignments of error for our review. The first alleges that the trial court erred by dismissing his Consumer-Sales-Practices-Act claim. The second alleges that the trial court erred by dismissing his Home-Solicitation-Sales-Act claim. The third alleges that the trial court erred by concluding that these two claims are barred by the applicable statute of limitations. The fourth alleges that the trial court erred by concluding that his claims are compulsory counterclaims in the Florida action. The fifth alleges that the trial court erred by dismissing the abuse-of-process claim. The sixth alleges that the trial court erred by dismissing the malicious-prosecution claim. The seventh alleges that the trial court erred by limiting discovery. And the eighth alleges that the trial court erred by overruling the motion to amend the complaint.

{¶ 10}   Common to these assignments of error are two issues. One is whether the Florida judgment is void, or whether the trial court could determine that it was void. The other is whether the forum-selection clause is valid and enforceable. We consider these two issues first.

### A. The Validity of the Florida Judgment

{¶ 11}   In Ohio, "there is a firm and longstanding principle that final judgments are meant to be just that—final. * * * [I]t necessarily follows that collateral or indirect attacks are disfavored and that they will succeed only in certain very limited situations." (Citations omitted.) *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 22. This principle accords a valid judgment "the presumption of finality." *Id*. at ¶ 24. "[A]

judgment is considered 'valid' (even if it might perhaps have been flawed in its resolution of the merits of the case) and is generally not subject to collateral attack" if the judgment was not procured by fraud and the issuing court had jurisdiction. *Id*. at ¶ 25.

{¶ 12}  The Full Faith and Credit Clause of the U.S. Constitution "requires that the state of Ohio give to the[] acts, records, and judicial proceedings of another state the same faith and credit 'as they have by law or usage in the courts of such State * * * from which they are taken.'" *Holzemer v. Urbanski*, 86 Ohio St.3d 129, 132, 712 N.E.2d 713 (1999). "Ohio's Uniform Enforcement of Foreign Judgment Act, R.C. 2329.021 through 2329.027, sets forth this state's obligations under the Full Faith and Credit Clause * * *." *Rita Ann Distrib. v. Brown Drug Co.*, 164 Ohio App.3d 145, 2005-Ohio-5786, 841 N.E.2d 400, ¶ 9 (2d Dist.). The Act states that before a foreign judgment may be collaterally attacked in Ohio the judgment must be filed in an Ohio court:

> A copy of any foreign judgment authenticated in accordance with section 1738 of Title 28 of the United States Code, 62 Stat. 947 (1948), may be filed with the clerk of any court of common pleas. The clerk shall treat the foreign judgment in the same manner as a judgment of a court of common pleas. A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in same manner as a judgment of a court of common pleas.

R.C. 2329.022.[3]

{¶ 13}  Scott did not file under the Act a copy of the Florida judgment. We make no conclusion about whether a collateral attack on the judgment would have been successful if the above procedure was followed. Our civil rules, the passage of time, or the full faith and credit clause may have thwarted a collateral attack. However, without the filing of the judgment pursuant to statute, the judgment may not be collaterally attacked in the present action, and we must consider it to be a valid judgment. This means that we presume that it was not procured by fraud and that the Florida court had jurisdiction over Scott.

### B. The Validity and Enforceability of the Forum-Selection Clause

{¶ 14}  The forum-selection clause in the financing agreement provides, in context: "You and we agree to waive trial by jury in any action, proceeding or counterclaim brought by either of us against the other on any matter whatsoever arising out of or in any way connected with this Agreement. You and we agree that the venue for any such suit shall be Hillsborough County, Florida."[4] The choice-of-law provision, in the "APPLICABLE LAW" section, provides: "This Agreement and your use of your ISPC account shall be governed by and be in accordance with Florida law." Given this provision, the validity and enforceability of the forum-selection clause must be determined under Florida law. *Compare Hawkins v. Integrity House, Inc.*, 11th Dist. Lake No. 2008-L-120, 2009-Ohio-5893, ¶ 8 (concluding that because the consumer contract contained an express jurisdiction choice and choice-of-law provision the issue of whether the

---

[3]A "foreign judgment" under the Act is "any judgment, decree, or order of a court of the United States, or of any court of another state, that is entitled to full faith and credit in this state." R.C. 2329.01.

[4]In this context, we think that "venue" and "forum" refer to the same concept. *See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, _____ U.S. _____ 134 S.Ct. 568, 577, 187 L.Ed.2d 487 (2013) (saying that "in some contexts, the word 'venue' is used synonymously with the term 'forum'").

foreign court had personal jurisdiction over the appellant must be decided under that state's law).

{¶ 15} "[T]he [U.S.] Supreme Court has held that a forum selection clause is not unreasonable simply because it appears in a non-negotiated consumer contract." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 829 (6th Cir.2009), citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). The same is true in Florida:

> Contractual forum selection provisions are presumptively valid and generally enforceable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Manrique v. Fabbri*, 493 So.2d 437 (Fla.1986). Courts have recognized that forum selection clauses enhance contractual and economic predictability, while conserving judicial resources and benefitting commercial entities as well as consumers. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). To promote these policy goals, Florida courts are directed to give effect to agreements on forum selection in order to "recognize the legitimate expectations of contracting parties." *Manrique v. Fabbri*, 493 So.2d at 440. The only exception to this general rule is narrowly drawn where there is a showing that enforcement would be unreasonable or unjust * * *. *Manrique v. Fabbri*, 493 So.2d at 440.

(Citations omitted.) *America Online, Inc. v. Booker*, 781 So.2d 423, 424-425 (Fla.App.2001). "[T]he test of unreasonableness is not mere inconvenience or additional expense." *Manrique,* 493 So.2d at 440, fn.4. Rather, "the enforcement is unreasonable and unfair only when the designated forum amounts to 'no forum at alI.'" (Emphasis sic.) *Am. Safety Cas. Ins. Co. v. Mijares Holding Co., LLC*, 76 So.3d 1089, 1092 (Fla.App.2011), quoting *Corsec, S.L. v. VMC*

*Int'l Franchising, LLC*, 909 So.2d 945, 947 (Fla.3d Dist.2005). As the Florida Supreme Court has said, the burden of proof is "'on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.'" *Manrique* at 440, fn. 4, quoting *Zapata* at 18. In *America Online, Inc. v. Booker*, a group of consumers alleged that their Internet service provider had breached its "Terms of Service" contract. The Florida court concluded that the forum-selection clause in the contract was valid and enforceable against the consumers because the clause "was obtained through a freely negotiated agreement which has not been shown by the plaintiffs to be either unreasonable or unjust." *America Online* at 425.

{¶ 16} Here, Scott fails to show that defending a suit in Florida would be anything more than inconvenient. Indeed defending any lawsuit is a matter of inconvenience. He has also not shown that the forum is unreasonable. ISPC appears to have its principal place of business in Florida. And Scott had notice of the forum-selection clause and therefore the choice to reject the financing agreement. Nothing appears to have prevented Scott from having his day in court in Florida.

{¶ 17} Relatedly, Scott asserts that 15 U.S.C. 1692i of the Fair Debt Collection Practices Act (FDCPA) requires a "debt collector" to bring a legal action to collect a consumer debt only in the judicial district where the debtor resides. Scott is correct, but this provision does not apply here because ISPC is not a "debt collector," as defined in 15 U.S.C. 1692a(6). As Scott agreed in the financing agreement,[5] "debt collector" does not include "any officer or employee of a creditor

while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. 1692a(6)(A). Here, ISPC's in-house counsel filed the Florida action in ISPC's name.

**{¶ 18}** Enforcing the forum-selection clause in the financing agreement would not be unreasonable or unjust. Therefore the clause is valid and enforceable.

**{¶ 19}** We now turn to the assignments of error.

### C. The Consumer-Sales-Practices-Act, Malicious-Prosecution, and Abuse-of-Process Claims

**{¶ 20}** The first, fifth, and sixth assignments of error allege that the trial court erred in entering summary judgment for ISPC on, respectively, Scott's Consumer-Sales-Practices-Act claim, abuse-of-process claim, and malicious-prosecution claim. Summary judgment must be entered and a claim dismissed if the moving party shows "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

**{¶ 21}** The Consumer Sales Practices Act prohibits, in connection with a consumer transaction, an "act or practice" that is "unfair or deceptive," R.C. 1345.02(A), or "unconscionable," R.C. 1345.03(A), "whether it occurs before, during, or after the transaction." R.C. 1345.02(A); R.C. 1345.03(A). Scott's claim, in the complaint, alleges that ISPC violated the

---

[5] The "FAILURE TO PAY" section states that in the event of default "you agree as follows: * * * (h) We may use an outside attorney to collect your account and if we do not use an outside attorney to collect your account, you agree that exemption §1692a(6)(A) of the FDCPA applies."

Act by (a) including the forum-selection clause in a consumer contract, (b) filing an action against Scott in Hillsborough County, Florida, (c) calling him and threatening to garnish his bank account when the Florida judgment is void, (d) including in its action a claim for attorney fees that are prohibited by Ohio law and falsely representing the amount of the debt, (e) representing to the Florida court that a default judgment was appropriate when that court did not have personal jurisdiction over him and falsely representing the character or legal status of a debt, that is, representing to the Florida court that the contract was made in Florida and that the Florida court had jurisdiction over him, threatening him with garnishment when the judgment is void, and moving for a writ of garnishment on the void judgment, (f) attempting to collect any attorney fee from him, (g) filing a garnishment action against him in Florida when ISPC knew that the Florida judgment was void, (h) garnishing his bank account and taking all the money in the account, and (i) adding illegal fees to his credit account, including court costs, attorney fees, and review fees.

{¶ 22} The financing agreement provides that in the event of default ISPC can require immediate payment of the entire balance owing, including principal, finance charges, and any other charges. [6] The agreement also provides that the account holder agrees to allow post-judgment garnishment under Florida law. [7] And if the account holder loses a lawsuit, he agrees to pay reasonable attorney fees, any expenses ISPC incurs, and court costs. [8] Florida law

---

[6] "(b) We can require that you make immediate payment of your entire balance, including principal, FINANCE CHARGE, and all other charges subject to any right you have by state law to correct your non-payment."

[7] "(g) You consent to allow disposable earnings to be garnished in accordance with FS 222.11(2)(b) in the event of post-judgment execution."

allows the prevailing party in a breach-of-contract action to recover reasonable attorney fees, if the parties' contract allows them. Fla.Stat.Ann. 57.105(7). And Florida law allows a garnishee to retain up to twice the amount of the judgment the plaintiff has recovered. *See* Fla.Stat.Ann. 77.06(3), 77.19. As in this case, after satisfaction of the judgment and costs and expenses, any remaining balance is returned.

{¶ 23} None of the above allegations in the complaint can be violations of the Consumer Sales Practices Act. We determined above that the Florida judgment is valid and that the forum-selection clause is valid and enforceable. Florida law, not Ohio law, governed ISPC's action. Because the Florida judgment cannot be collaterally attacked, it must be assumed that the Florida court had jurisdiction over Scott. ISPC did not misrepresent the character or legal status of Scott's debt. Attorney fees are allowed under the financing agreement and Florida law. The garnishment proceeding and the amount garnished are allowed by Florida law. Florida law and the financing agreement allowed ISPC to recover attorney fees. The financing agreement allowed ISPC to recover court costs.

{¶ 24} The abuse-of-process claim alleges that ISPC knew that the Florida court had no personal jurisdiction over Scott but sued him in Florida anyway and then filed a writ of garnishment against his bank account. And the malicious-prosecution claim alleges that ISPC knew that the Florida judgment against Scott was void for lack of personal jurisdiction but continued the original proceedings anyway by filing a writ of garnishment against his bank account. Because it must be assumed that the Florida court had jurisdiction over Scott, neither of

---

[8]"If there is a lawsuit and you lose, you agree to pay reasonable attorney's fees, any expenses and costs we incur, plus court costs, as permitted by law."

these claims can stand.

{¶ 25} The first, fifth, and sixth assignments of error are overruled.

### D. The Home-Solicitation-Sales-Act Claim

{¶ 26} The second assignment of error alleges that the trial court erred in entering summary judgment for ISPC on Scott's Home-Solicitation-Sales-Act claim. This claim alleges that ISPC's financing agreement fails to provide Scott with the right of cancellation that the Act requires.

{¶ 27} The Home Solicitation Sales Act pertinently provides that the following statement must appear on a home-solicitation-sale contract: "'You, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction. * * *'" R.C. 1345.23(B)(1). Scott contends that ISPC's financing agreement does not give him three days to cancel his credit account.

{¶ 28} The statutory cancellation notice is in the financing agreement. It is the handwritten "CANCELLATION DEADLINE" date–which is the same date that the agreement was signed–that Scott says is the problem. But the above cancellation provision does not require that a deadline date be specified. All that a buyer needs to know is that he has three days from whenever the transaction occurred to cancel it. The deadline date in the financing agreement is superfluous–and plainly wrong.

{¶ 29} The second assignment of error is overruled.

### E. Other Issues

{¶ 30} The issues raised in the third and fourth assignments of error need not be addressed. The third assignment of error alleges that the trial court erred by concluding that the

Consumer-Sales-Practices-Act claim and the Home-Solicitation-Sales-Act claim are barred by the applicable statute of limitations. The fourth assignment of error alleges that the trial court erred in concluding that Scott's claims are compulsory counterclaims in the Florida action. Since Scott's claims must be dismissed for other reasons, these issues are moot.

**{¶ 31}** The third and fourth assignments of error are overruled.

**{¶ 32}** The seventh assignment of error alleges that the trial court erred by denying Scott's request for discovery on his contacts with Florida and ISPC's contacts with Ohio. Since we must assume that the Florida court had personal jurisdiction, the issue of contacts for jurisdictional purposes is moot.

**{¶ 33}** The seventh assignment of error is overruled.

**{¶ 34}** The eighth assignment of error alleges that the trial court erred by denying Scott's motion to amend his complaint to add a counterclaim for conversion for taking his money out of his Fifth-Third bank account when the Florida judgment is void. Since the Florida judgment is not void, such a conversion claim would fail.

**{¶ 35}** The eighth assignment of error is overruled.

**{¶ 36}** We have considered the other issues that Scott raises and find them meritless.

### III. CONCLUSION

**{¶ 37}** Scott purchased the water system using the credit account that he opened with ISPC. He got the water system and then stopped paying for it. ISPC exercised its rights under the financing agreement–the payment terms of which Scott does not challenge–to recover what he still owed. In all, Scott paid ISPC around $6,763 ($6,315 in the Florida suit plus $448 in monthly payments). Admittedly had Scott instituted an action in Ohio when he became dissatisfied with

his transaction he perhaps would have wound up paying only the approximate $4,000 principal he still owed, or even something less. If Scott had continued paying the minimum monthly balance of $32 each month, by the time he paid off the debt (over 20 years later), he would have paid ISPC much more than ISPC recovered. It might have made economic sense for Scott to stop paying, but such inaction does not prevent ISPC from collecting on the debt. *See generally Wagoner v. Leach Co.*, 2d Dist. Montgomery No. 17580, 1999 WL 961166, *20 (July 2, 1999) ("The system of contract law, by confining damages to the each party's expectation interest, permits each party to make a rational choice to breach his contract if economic efficiency so demands, so long as he fully compensates the other contracting party.").

{¶ 38} For the reasons we have detailed, the trial court correctly granted the appellee/defendant's motion for summary judgment. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, J., concurs.

FROELICH, P.J., concurring in part and dissenting in part:

{¶ 39} I agree that the Appellant cannot now attack the validity of the Florida judgment, but the remaining issue is the Ohio trial court's granting of summary judgment on certain Ohio causes of action. I would find that the court erred in granting judgment on the HSSA complaint and those portions of the CSPA complaint involving a violation of the HSSA and the inclusion (and action upon) in the agreement of a forum selection provision which included the awarding of certain fees.

{¶ 40} The HSSA does not require the seller of the financing plan to provide the

calendar date (as opposed to "three business days") of allowable cancellation. However, ISPC did give a specific date, that being the same date as the transaction was signed and thus not within "three business days." This is a violation of the HSSA since it could mislead the buyer to believe that he did not have the statutorily-required time in which to cancel the transaction. And a violation of the HSSA is necessarily a violation of the CSPA.

{¶ 41} I would also find that there were genuine issues of material fact as to whether the inclusion in a contract entered into in Ohio of a forum selection clause that included a provision for added fees which are not permitted in Ohio (and subsequently filing suit in the foreign jurisdiction for such fees) is a violation of the Ohio CSPA. Just because another state now has a valid judgment for a debt arising out of the Ohio transaction does not preclude an Ohio resident from alleging that the Ohio transaction that ultimately resulted in the debt violated an Ohio statute (the CSPA). Whether these violations resulted in any compensable damages, especially given that the underlying purchase agreement for the water system complied with the HSSA, and the fact that the Florida judgment is valid, is not before us.

{¶ 42} The statute of limitations for these alleged violations of Ohio law did not start until ISPC filed suit on December 10, 2009, which was within two years of Appellant's December 1, 2011 complaint.

{¶ 43} In all other respects, I concur with the judgment of the court.

Copies mailed to:

Miriam H. Sheline
Brigid E. Heid
Brian S. Stewart
Hon. Robert J. Lindeman