828 So.2d 451 (2002)
Sandra HENDERSON, Appellant,
v.
Ayoade IDOWU and Muyinat Idowu, Appellees.
No. 4D01-4704.
District Court of Appeal of Florida, Fourth District.
October 16, 2002.
Hal B. Anderson of Billing, Cochran, Heath, Lyles & Mauro, P.A., Ft. Lauderdale, and Charles M. Elmer of The Kullman Firm, Birmingham, AL, for appellant.
Nelson Akinrinade of Nelson Akinrinade, P.A., Margate, for appellees.
PER CURIAM.
On this non-final appeal from an order denying defendant's motion to stay pending referral to arbitration we consider two *452 issues: (1) whether the intentional tort claims alleged in plaintiffs' complaint are arbitrable under a written arbitration agreement and, (2) if so, whether the defendant, a non-signatory to the agreement, may enforce it. We answer both in the affirmative, and reverse.
Appellee, Ayoade Idowu, lost his job at Florida Medical Center (FMC). He sued his supervisor, appellant Sandra Henderson, alleging that, while in her capacity as supervisor, she wrongfully created a hostile work environment, maliciously published false negative information about him and eventually, without justification, maliciously caused FMC to terminate his employment. His claims were for tortious interference with an advantageous business relationship, i.e., his job with FMC, and for intentional infliction of emotional distress resulting from loss of the job. Appellee, Muyinat Idowu, his wife, joined her derivative claim for loss of consortium.
Appellant filed a motion to stay pending referral of plaintiffs' claims to arbitration. The motion, supported by affidavits, established that: (1) FMC is owned and operated by Florida Medical Center, Ltd., of which Tenet Healthcare Corporation is the ultimate parent corporation; and (2) during Ayoade Idowu's employment by Florida Medical Center he signed an Employee Acknowledgment Form which not only acknowledged he was an employee at will but also included his agreement to submit to final and binding arbitration any and all claims and disputes related in any way to his employment or termination of his employment with Tenet or its employees. Specifically, the arbitration provision (insofar as relevant to this appeal) provided as follows:
I hereby voluntarily agree to use the Company's Fair Treatment Process and to submit to final and binding arbitration any and all claims and disputes that are related in any way to my employment or the termination of my employment with Tenet. I understand that final and binding arbitration will be the sole and exclusive remedy for any such claim or dispute against Tenet or its parent, subsidiary or affiliates companies or entities, and each of its and/or their employees, officers, directors or agents, and that, by agreeing to use arbitration to resolve my dispute, both the Company and I agree to forego any right we each may have had to a jury trial on issues covered by the Fair Treatment Process.
Appellees argued in response to the motion, just as they have argued here, that there was never any agreement for arbitration between the parties to this action and, even if there was, the claims were not subject to arbitration because they involved tortious conduct rather than contract disputes, citing Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999). The trial court denied the motion without holding an evidentiary hearing or stating its reasons, but subsequently entered a stay pending this appeal.
Notwithstanding appellant is a non-signatory to the arbitration agreement, she is entitled to its benefits if she is a third party beneficiary. The arbitration agreement here, although between the appellee husband and FMC, was expressly intended to benefit an identified class of persons, i.e., an employee of Tenet or one of its affiliated companies or entities.[1] Appellant *453 fell within the identified class and, thus, she may benefit from the agreement as a third-party beneficiary. See Technicable Video Sys., Inc. V. Americable of Greater Miami, Ltd., 479 So.2d 810 (Fla. 3d DCA 1985).
We also reject the appellees' contention that the tort claims in this case are not subject to arbitration. The appellee husband's tort claims are for tortious interference with an advantageous business relationship, i.e, his job with FMC, and for intentional infliction of emotional distress resulting from loss of the job. The agreement clearly provided for arbitration of claims related in any way to the appellee husband's employment or termination thereof. Clearly, there is a nexus between the tort claims and the arbitration agreement.
Appellees argue that Seifert is dispositive of this case because these are common law torts unrelated to the rights and obligations of the contract and, therefore, the arbitration provision of the contract does not apply. The Seifert case is distinguishable. That case involved a commercial contract to construct a dwelling. Incidental to the underlying promise to perform, the contract contained a provision which, in substance, required arbitration of any controversy or claim arising out of or related to the contract. After the purchaser moved into the dwelling he was killed by carbon monoxide emissions which the air conditioning system distributed from the garage into the house. The court held that the personal representative's wrongful death claim against the builder alleged a breach of a duty imposed by law generally owed to others and, because the tort claim had no significant relationship to the contract, it was not subject to the arbitration clause of the contract.
Here, however, the only contract between the appellee husband and appellant's employer is an agreement to arbitrate disputes which relate in any way to his employment or the termination thereof. Admittedly, the common law tort claims alleged, i.e., tortious interference with an advantageous business relationship and intentional infliction of emotional distress, are certainly breaches of a duty which does not arise out of that contract. However, the ultimate claims asserted by appellees have not simply a significant relationship to the agreement to arbitrate but, indeed, are based upon the precise matter which was agreed to be submitted to arbitration-the termination of appellee husband's employment.
Finally, we find that the appellee wife's derivative claim is also subject to arbitration, since her claim fails if her husband's fails. Cf. Bachus & Stratton v. Mann, 639 So.2d 35, 36 (Fla. 4th DCA 1994) (holding that although one defendant was not a party to the arbitration agreement, it could be compelled to arbitrate plaintiff's claim since a finding in arbitration that plaintiffs had no claims against the signatory defendants would preclude successful litigation against the nonsignatory defendant).
We reverse and remand with directions to the trial court to grant the motion for stay pending arbitration.
REVERSED AND REMANDED.
GROSS, TAYLOR, JJ., and OWEN, WILLIAM C., JR., Senior Judge, concur.
NOTES
[1] Appellees argue that appellant cannot qualify as an employee because the complaint alleges that she was acting outside the scope of her employment with Tenet when she engaged in the alleged tortious acts. But acting outside the scope of employment does not change her status as an employee; it would, at most, relieve her employer of vicarious liability for the employee's torts.