848 So.2d 452 (2003)
SWAROVSKI NORTH AMERICA, LTD., a Rhode Island corporation, and Swarovski Retail Ventures Ltd., Inc., a Rhode Island corporation, Appellants,
v.
HOUSE OF CHINA, CRYSTAL & SILVER, INC., a Florida corporation, Appellee.
No. 4D02-3907.
District Court of Appeal of Florida, Fourth District.
July 2, 2003.
John W. Little, III, P.A., and Barbara Bolton Litten of Steel Hector & Davis LLP, West Palm Beach, for appellants Swarovski North America, Ltd. and Swarovski Retail Ventures, Ltd., Inc.
Laurence T. Adelman and Jeffrey A. Adelman of Laurence T. Adelman, P.A., Coral Springs, for appellee House of China, Crystal & Silver, Inc.
PER CURIAM.
This is an appeal from a non-final order denying the appellants' motion to dismiss for improper venue.[1] The motion was *453 based on a mandatory forum selection clause contained in the contract document out of which this litigation arose. The clause required any judicial proceeding arising therefrom to be brought only in a court located in the State of Rhode Island. We reverse.
The appellant is a manufacturer and distributor of lead crystal products with its principal place of business in Rhode Island. The appellee is a Florida retailer. The two entered into a written contract which contained unambiguous forum selection provisions in which the parties agreed that any litigation arising out of the business relationship would be brought only in the state or federal court within Rhode Island. In Bombardier Capital Inc. v. Progressive Marketing Group, Inc., 801 So.2d 131 (Fla. 4th DCA 2001), with facts very similar to the instant case, this court held that unambiguous mandatory forum selection clauses contained in contract documents are presumptively valid and should be enforced in the absence of a showing that enforcement would be unreasonable or unjust. The appellee has failed to show that the enforcement of the venue clause would be unreasonable or unjust. We, therefore, direct the trial court to enter an order dismissing the appellee's amended complaint for improper venue.
GUNTHER, HAZOURI and MAY, JJ., concur.
NOTES
[1] The trial court granted the appellants' motion to dismiss two counts of the amended complaint that alleged a breach of contract. The two remaining counts involved allegations of tortious interference with a business relationship.