OFTEDAL, RICHARD L., Associate Judge.
Appellants, the Defendants below, appeal from a non-final order denying their motion to dismiss for improper venue. Because we find that the trial court erred in refusing to enforce a forum selection clause incorporated in the parties’ contractual agreement requiring that the Plaintiffs action be brought in California, we reverse.
Appellants are foreign corporations[1] in the business of selling insurance who entered into a Healthcare Professional Liability Insurance Agent’s Agreement (the “Agreement”) with Appellee Madio & Company, Inc., a Florida corporation (“Madio”). The Agreement provides in unambiguous terms that any action arising out of, connected with, or to enforce the Agreement will be brought in California. This court has consistently held in similar cases “that unambiguous mandatory forum selection clauses contained in contract documents are presumptively valid and should be enforced in the absence of a showing that enforcement would be unreasonable or unjust.” Swarovski N. Am., Ltd. v. House of China, Crystal & Silver, Inc., 848 So.2d 452, 453 (Fla. 4th DCA 2003)(citing Bombardier Capital Inc. v. Progressive Mktg. Group, Inc., 801 So.2d 131 (Fla. 4th DCA 2001), review denied, 828 So.2d 388 (Fla.2002)).
The trial court apparently found that the forum selection clause in the Agreement was never intended to cover Madio’s tort claims and alleged violations of the Florida Deceptive and Unfair Trade Practices Act (“FDUTPA”).[2] We disagree. The fact that one of Madio’s claims sounds in tort does not preclude enforcement of an otherwise valid forum selection clause where, as in this case, there is a significant and obvious nexus between the claim and the Agreement. See Henderson v. Idowu, 828 So.2d 451, 453 (Fla. 4th DCA 2002). Madio’s tortious interference claim alleges that Appellants intentionally interfered with Madio’s business relationship with certain doctors by improperly contracting with them and that their interference resulted in a termination of Madio’s business relationship with some of these doctors. Resolution of this claim requires reference to or interpretation of the Agreement itself.
Similarly, the mere fact that Madio’s remaining claims allege statutory violations of the FDUTPA does not mean that they are not subject to the forum selection clause chosen by the parties. Like Ma-dio’s tortious interference claim, these claims have their origin and genesis in the Agreement. Clearly, a nexus exists between the FDUTPA claims and the Agree *583 ment. Nor is there any merit to Madio’s contention that enforcement of a forum selection clause to its FDUTPA claims violates Florida’s public policy. See Aztec Med. Servs., Inc. v. Burger, 792 So.2d 617 (Fla. 4th DCA 2001).
Finally, we find that enforcement of the forum selection clause is neither unreasonable nor unjust. It is not enough for Madio to show that litigation in California would result in additional expense or inconvenience. See Am. Online, Inc. v. Booker, 781 So.2d 423, 424-25 (Fla. 3d DCA 2001). Instead, Madio must establish that trial of this case outside of Florida would be so gravely difficult as to effectively deprive it of its day in court. See Bombardier, 801 So.2d at 134 n. 1 (citing Manrique v. Fabbri, 493 So.2d 437, 440 n. 4 (Fla.1986)). Madio did not present such evidence and the trial court made no such finding.
Accordingly, we reverse and remand with directions to the trial court to enter an order dismissing Madio’s amended complaint for improper venue.
REVERSED and REMANDED.
POLEN and GROSS, JJ., concur.

. Appellant Truck Insurance Exchange more accurately describes itself as a California reciprocal or interinsurance exchange, a creature of statute formed and operated pursuant to the California Insurance Code.

. See §§ 501.201-.213, Fla. Stat. (1997).