ROTHENBERG, J.
The appellants challenge the trial court’s order dismissing the portions of their counterclaim against Oppenheimer Trust Company (“Oppenheimer”) relating to the Stern Charitable Remainder Unitrust (“CRUT”) due to a forum selection clause in an agency investment agreement governing that trust. We agree that the agency agreement is the sole document governing the relationship and duties between the parties as to the CRUT, and therefore affirm the trial court’s dismissal.
The appeal before us stems from a highly contentious and complicated guardianship proceeding regarding the now-deceased Idelle Stern (“Mrs.Stern”).[1] The facts of the underlying proceeding are myriad, but the relevant considerations for our decision are as follows. As part of his estate plan, Rabbi Tibor H. Stern (“Rabbi Stern”), also deceased, established two separate trusts to provide for his family and other charitable interests. One trust, the CRUT, named Mrs. Stern as the sole lifetime income beneficiary, with a remainder interest in several charities. The other trust, the Reformed Stern Living Trust (“Stern Living Trust”), comprised three separate sub-trusts, and provided income interests for Mrs. Stern and remainder *568 interests for the Sterns’ four daughters, Rochelle Kevelson, Tikvah Lyons, Joyce Genauer, and Judy Sugar.
The CRUT and the Stern Living Trust have different trustees, beneficiaries, and trust documents, and are also funded and managed entirely separately. Importantly, although Oppenheimer is involved in the management of both trusts, it is the co-trustee of the Stern Living Trust, while it is merely an investment agent of the CRUT pursuant to a separate written contract entitled “Discretionary Agency/Investment Management Account Agreement” (“the Agency Agreement”). The Agency Agreement contains a forum selection clause that clearly specifies: “Any proceeding of any nature out of this Agreement shall be instituted only in the courts by the State of New Jersey.”
During the pendency of the underlying guardianship action, Oppenheimer filed an action seeking court approval of its accounting of the Stern Living Trust, and the appellants counterclaimed for thirteen separate causes of action alleging various types of fraud, mismanagement, violations of Florida’s Blue Sky Laws, and breaches of fiduciary duty. Oppenheimer moved to dismiss the causes of action based on the mandatory forum selection clause in the Agency Agreement and the trial court, after hearing two days of argument, granted that motion with respect to all claims relating to the CRUT, but left the claims concerning the Stern Living Trust pending in Miami-Dade Circuit Court. This appeal followed.
Although the appellants raise several points of error on appeal, all of these arguments appear to confuse Oppenheimer’s duties and obligations as co-trustee of the Stern Living Trust with Oppenheimer’s duties and obligations as the investment agent of the CRUT pursuant to the Agency Agreement. Most of the appellants’ arguments rely on the faulty premise that the heightened duties imposed on trustees by the Florida Trust Code necessarily apply to Oppenheimer as the investment agent of the CRUT as well. For that reason, appellants’ arguments are unavailing, and we affirm the trial court’s dismissal.
The Agency Agreement is the only connection between the parties, and any duties owed to the appellants necessarily stem from that contract. Although the appellants have tried to frame this case as a trust dispute, the CRUT portion of this litigation against Oppenheimer is nothing more than a commercial dispute over an investment agreement, which is governed by the Agency Agreement. As such, we are guided by the principles of general contract law in interpreting the forum selection clause in the Agency Agreement.
Florida law is well-settled that mandatory forum selection clauses “should be enforced in the absence of a showing that enforcement would be unreasonable or unjust.” Manrique v. Fabbri, 493 So.2d 437, 440 (Fla.1986). A party seeking to avoid enforcement of a mandatory forum selection clause bears a heavy burden of establishing that the enforcement is unjust or unreasonable and must demonstrate that the contractually designated forum essentially amounts to “no forum at all,” thereby depriving the party of its day in court. Am. Safety Cas. Ins. Co. v. Mijares Holding Co., LLC, 76 So.3d 1089, 1092 (Fla. 3d DCA 2011) (quoting Corsee, S.L. v. VMC Int’l Franchising, LLC, 909 So.2d 945, 947 (Fla. 3d DCA 2005)).
The appellants in this matter do not contest that the forum selection clause at issue is mandatory. Furthermore, the appellants’ only reasons why the CRUT litigation should not take place in New Jersey are inconvenience and additional costs to *569 themselves, neither of which is sufficient to refuse to enforce a forum selection clause. See Manrique, 493 So.2d at 440 n. 4 (“We emphasize that the test of unreasonableness is not mere inconvenience or additional expense.”). We accordingly affirm the trial court’s dismissal of the CRUT claims without prejudice to the appellants to file their action in the New Jersey courts as the Agency Agreement dictates.
Affirmed.

. Mrs. Stern was alive for the majority of the litigation, but passed away on July 11, 2013, after this appeal was filed. Her estate was substituted as the party in interest.