PER CURIAM.
This appeal involves complex litigation regarding a construction project known as Artisan Club Condominium Community (“the Association”) in Osceola County. Plaintiff below, the Association, filed its initial construction defect action in October 2009 against the projects’ developers and the general contractor, Core Construction Services, Southeast, Inc. Numerous third and fourth party complaints were subsequently filed in the matter. One of those third party actions involved the general contractor bringing suit against the Appel-lee, Dunn Corporation, for improper installation of all of the aluminum windows on the project. In turn, Dunn Corporation brought a fourth party action against Love’s Window and Door Installation, Inc., the Appellant, alleging that the Appellant improperly carried out its obligations regarding the window installation, as subcontracted by the Appellee.
As complex as the Osceola County litigation is, the issue presented on appeal in this case is not. Appellant, based on a provision in its contract with Appellee, moved to sever its action involving Appel-lee and transfer venue to Volusia County. Both parties agree that there is a forum selection clause in their contract and that such a provision is generally mandatory. This was the argument presented by Appellant to the trial judge handling the litigation. Appellee responded that there are exceptions to the mandatory transfer rule when there are compelling reasons not to enforce the provision.
Compelling reasons not to enforce a forum selection clause include avoiding multiple lawsuits, minimizing judicial labor, reducing the expenses to the parties, and avoiding inconsistent results. See Mason v. Homes by Whitaker, Inc., 971 So.2d 1029, 1029-30 (Fla. 5th DCA 2008); Girdley Constr. Co. v. Architectural Exteriors, Inc., 517 So.2d 137, 138 (Fla. 5th DCA 1987) (holding a forum selection provision should not be enforced when a transfer of venue would result in multiple suits and splitting causes of action).
The trial judge, based on decisions from this Court, denied Appellant’s motion. *1066 Appellant conceded that some of the witnesses to its action would also have to testify in Osceola County. Further, the claim against James W. Love, individually, would have to remain in Osceola County. We find the facts of this case establish a compelling reason not to enforce the forum selection provision found in the parties’ contract.
AFFIRMED.
EVANDER, LAMBERT, JJ„ and HARRIS, C.M., Senior Judge, concur.