# Third District Court of Appeal

## State of Florida

Opinion filed October 8, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-871
Lower Tribunal No. 13-32040

_____

## Royal Caribbean Cruises, LTD,
Appellant,

vs.

## Jeanette Clarke,
Appellee.

An Appeal from a Non Final Order from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Mase Lara, P.A., Curtis J. Mase and Valentina M. Tejera and Cameron W. Eubanks, for appellant.

Goldstein and Goldstein, and Phillip J. Goldstein, for appellee.

Before WELLS, EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

Royal Caribbean Cruises, LTD. appeals the trial court's order denying its motion to dismiss for improper venue. We reverse because Royal Caribbean reasonably communicated to appellee Jeanette Clarke the forum selection clause of

the ticket contract before she boarded the vessel, and Royal Caribbean had no obligation to remove the case to federal court.

On October 9, 2013, Clarke, a passenger aboard a Royal Caribbean vessel, filed a negligence claim against Royal Caribbean in state court, a few days before the expiration of the contractual one-year limitation period. Royal Caribbean moved to dismiss Clarke's complaint on improper venue grounds. In support of its motion, Royal Caribbean submitted an affidavit which established that Clarke needed to check in and accept all of the terms and conditions of the ticket contract before she boarded the vessel. The trial court denied Royal Caribbean's motion to dismiss, finding that there was no evidence Clarke received and read the ticket contract before she boarded the vessel.

The first paragraph of the ticket contract indicated in bold and capital letters that it "[c]ontains important limitations on the rights of passengers, it is important that you carefully read all terms of this contract, paying particular attention to section 3 and sections 9 through 11," which pertained to the forum selection clause and the one-year limitation period to file suit provision. The forum selection clause in section 9 stated, "[a]ll disputes and matters whatsoever arising under, in connection with or incident to this agreement . . . shall be litigated, if at all, in and before the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida . . . ."

2

The record reflects that Royal Caribbean reasonably communicated to Clarke the existence of important terms and conditions of the ticket contract before she boarded the vessel. The appropriate inquiry is whether a cruise ship operator "reasonably communicates to passengers the existence within the ticket of important terms and conditions which affect legal rights," not whether the passenger actually received and read the ticket contract. Leslie v. Carnival Corp., 22 So. 3d 567, 574 (Fla. 3d DCA 2009).

The record sufficiently established that Clarke entered into the ticket contract and the first paragraph of the ticket contract reasonably communicated to Clarke, in bold and capital letters, important limitations such as the forum selection clause and the one-year limitation to file suit. The record also reflects Clarke timely filed her negligence suit and, as such, she acknowledged the ticket contract's provision relative to the application of the one-year limitation period to file suit. The ticket contract's forum selection clause, like the one-year limitation period provision, was contained in the ticket contract.

Clarke also failed to satisfy her burden of establishing the non-enforcement of the forum selection clause. The United States Supreme Court has held forum selection clauses are "prima facie valid" and enforceable. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 589 (1991). The party contesting the application of a forum selection clause bears the burden of establishing its non-enforcement. Atl.

3

Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Texas, 134 S. Ct. 568, 574-75 (2013). It is undisputed that Clarke offered no evidence to avoid enforcement of the forum selection clause.

Finally, Royal Caribbean had no obligation to remove the case to federal court in Miami after Clarke filed the negligence claim in the Eleventh Judicial Circuit Court for Miami-Dade County. This Court has enforced similar forum selection clauses and has recognized dismissal as a proper mechanism to enforce a forum selection clause of a cruise ticket. Weisenberg v. Costa Crociere, S.p.A., 35 So. 3d 910, 912 (Fla. 3d DCA 2010); Assiff v. Carnival Corp., 930 So. 2d 776, 778 (Fla. 3d DCA 2006).

We thus conclude that Clarke is bound by the forum selection clause contained in the ticket contract because Royal Caribbean reasonably communicated to her the terms and conditions of the ticket contract, and we further conclude that Royal Caribbean had no obligation to remove the case to federal court. We therefore reverse the trial court's order denying Royal Caribbean's motion to dismiss for improper venue.

Reversed.