DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FAIRBANKS CONTRACTING AND REMODELING, INC.,**
Appellant,

v.

**ANTHONY R. HOPCROFT** and **MARY J. HOPCROFT,**
Appellees.

No. 4D14-4467

[July 15, 2015]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE 14-005192 (02).

R. Colt Kirkland of Blanchard, Merriam, Adel & Kirkland, P.A., Ocala, for appellant.

Robert J. Puzio of The Litigation Defense Group, LLC, Fort Lauderdale, for appellees.

PER CURIAM.

Appellant Fairbanks Contracting and Remodeling, Inc., the defendant below, appeals a non-final order denying its motion to dismiss or transfer for improper venue. Appellant seeks to enforce a forum selection clause in a contract with the Appellees (plaintiffs below), Anthony and Mary Hopcroft. We agree that the clause is enforceable. Although Appellees' complaint raises only a statutory claim of a violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), the claim has a significant relationship and clear nexus with the contract entered into between these parties. Accordingly, we reverse and remand for transfer of the action.

The parties entered into a contract for installation of a walk-in tub and the necessary bathroom modifications. The elderly Appellees contend that they were led to believe that this tub would meet their needs, but the tub was not suitable for various reasons, including a one foot high step up to get into the tub and a leak caused by defective installation of the tub door. Although the contract contains an express one-year warranty that labor

and materials would be free from "substantial defects," the Appellees have not alleged breach of contract or any warranty. Instead, their complaint - which catalogues a number of wrongful actions - alleges generally that, through its conduct, Appellant engaged in unfair and deceptive trade practices.

We agree with Appellant that a clear nexus exists between the FDUTPA claim and the contract in this case. *Farmers Grp., Inc. v. Madio & Co.*, 869 So. 2d 581, 582 (Fla. 4th DCA 2004) (holding that a valid forum selection clause applied to tort and FDUTPA claims where there was a "significant and obvious nexus between the claim and the Agreement"). Several allegations in the complaint correspond directly to express contractual provisions. For example, the alleged defect in the labor or materials that caused the tub to leak would appear covered by the express warranty, and the allegation that the company failed to obtain necessary permits would also be a violation of an express term of the contract. Moreover, the complaint expressly references the contract, including an allegation that, "*by virtue of the agreement,*" Appellant had misrepresented what was necessary to install the tub. (Emphasis added.)

Although cases such as *Management Computer Controls, Inc. v. Charles Perry Construction, Inc.*, 743 So. 2d 627 (Fla. 1st DCA 1999), and *First Pacific Corp. v. Sociedade de Empreendimentos e Construcoes, Ltd.*, 566 So. 2d 3 (Fla. 3d DCA 1990), concluded that the FDUTPA claims at issue were not subject to a forum selection clause, we agree that there is no per se rule. *SAI Ins. Agency, Inc. v. Applied Sys. Inc.*, 858 So. 2d 401 (Fla. 1st DCA 2003). Whether a forum selection provision in a contract applies to an FDUTPA claim depends on the circumstances, including the language employed in the clause. *Id.* at 404.

By its terms, the forum selection clause in the present case unambiguously applies to "any proceeding *relating to*" the contract. (Emphasis added.) *See Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013) (explaining that an arbitration provision that applies to any claim "relating to" a contract is broader than a provision that applies only to claims "arising out of" a contract); *Farmers Grp.*, 869 So. 2d at 582 (explaining that the contract provided in unambiguous terms that it applied to "any action arising out of, connected with, or to enforce the Agreement"). Under the circumstances of this case, the unambiguous forum selection provision applies to the claim.

We disagree with Appellees' argument that the forum selection clause is unenforceable because it was not sufficiently conspicuous. "[U]nambiguous mandatory forum selection clauses contained in contract

2

documents are presumptively valid and should be enforced in the absence of a showing that enforcement would be unreasonable or unjust." *Swarovski N. Am., Ltd. v. House of China, Crystal & Silver, Inc.*, 848 So. 2d 452, 453 (Fla. 4th DCA 2003). Appellees did not show that enforcement would be unreasonable or unjust.

Accordingly, we reverse and remand with directions that the case be transferred to the Circuit Court for Marion County as provided in the forum selection clause.

*Reversed and remanded.*

LEVINE, CONNER and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**