ROTHENBERG, C.J.
 

 The plaintiffs below, Inspired Capital, LLC, and Erica Gary, derivatively on behalf of Inspired Food Solutions, LLC, appeal from a non-final order dismissing their first amended complaint against defendants Condé Nast and FremantleMedia North America, Inc. (“Fremantle”) based on a forum selection clause contained in a License Agreement. Because the forum selection clause is mandatory and the claims asserted against Condé Nast and Freman-tle are “relating to” the License Agreement, we affirm.
 

 Condé Nast, as licensor, Inspired Foods Solutions, LLC, as licensee, and Fremantle, as Condé Nast’s authorized representative, executed a Licensing Agreement. The parties agree that the following forum selection clause in subsection 12.4 of the License Agreement is mandatory:
 

 Any action or proceeding between Li-censor and Licensee relating to this Agreement, whether pertaining to the interpretation or enforceability hereof or others, may only be brought in the courts of the State of New York, county of New York or the federal courts located therein, and both parties consent to the exclusive jurisdiction of such courts,
 

 (emphasis added). The sole issue before this Court is whether the claims the plaintiffs asserted against Condé Nast and Fre-mantle in the first amended complaint— aiding and abetting (Count 8), civil conspiracy (Count 13), and misappropriation of trade secrets (Count 16)—are “relating to” the License Agreement and therefore within the scope of the forum selection clause.
 

 
 *982
 
 In Jackson v. Shakespeare Foundation, Inc., 108 So.3d 587 (Fla. 2013), the Florida Supreme . Court addressed the scope of an arbitration provision based on whether the provision utilizes the term “arising out of’ or “relating to”:
 

 Two basic types of arbitration provisions have emerged: (1) provisions with lan.guage and application narrow in scope, and (2) provisions with language and application broad in scope. An arbitration provision that is considered to be narrow in scope typically requires arbitration for claims or controversies “arising out of’ the subject contract. This type of-provision limits arbitration to those claims that have a direct relationship to a contract’s terms and provisions. In contrast, an arbitration provision that is considered to be broad in scope typically requires arbitration for claims or controversies “arising out of
 
 or relating to”
 
 the subject contract. The addition of the words “relating to” broadens the scope of an arbitration provision to include those claims,-that are described as- having -a “significant relationship” to the contract—regardless of whether the claim is founded in tort or contract law.
 

 Id. at 593 (citations omitted). The Court also explained that “a significant relationship is described to exist between an arbitration provision and a claim if there is a ‘contractual nexus’ between the claim and the contract.” Id. at 594. Further, “[a] contractual nexus exists between a claim and a contract if the claim presents circumstances in which the resolution of the disputed issue requires either reference to, or construction. of, a portion of the contract.” Id.
 

 Although Jackson' addressed the scope of an arbitration provision, in Fairbanks Contracting & Remodeling, Inc. v. Hopcroft, 169 So.3d 282 (Fla. 4th DCA 2015), the Fourth District Court of Appeal applied the principles set forth in Jackson to a forum selection clause. The Fourth District recognized that the phrase any claim “relating to” the contract is broader in scope than the phrase any claim “arising out of’ the contract. Fairbanks Contracting, 169 So.3d at 283. Based on its review of the claim asserted in the complaint, the Fourth District held that the forum selection clause was enforceable because the claim had “a significant relationship and clear nexus with the contract entered into between these parties.” Id. at 283.
 

 In the instant case, the forum selection clause utilized the term “relating to,” and therefore, the scope of the forum selection clause is broad. Id. at 283. Our review of the claims asserted in the first amended complaint against Condé Nast and Fre-mantle clearly “relat[e] to” the License Agreement. The general allegations in the first amended complaint specifically refer to the License Agreement and these allegations are. incorporated into the claims asserted against.Condé Nast and Freman-tle. The resolution of the plaintiffs’ claims requires reference to the License Agreement. Thus, the claims asserted against Condé Nast and Fremantle have “a significant relationship and -clear nexus” to the License Agreement. Accordingly, we affirm the order granting the motion to dismiss without prejudice to the plaintiffs’ right to file those claims in the courts of the state of New York, county of New York, or the federal courts located therein.
 
 [1]
 

 Affirmed.
 

 [1]
 

 . The plaintiffs’ argument that the forum selection clause is not applicable because the
 
 *983
 
 License Agreement was terminated lacks merit. Subsection 12.13 of the License Agreement provides that subsection 12.4, which contains the forum selection clause, "shall survive termination or expiration of this Agreement.”