DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NORTH SHORE MEDICAL CENTER, INC.,** a Florida corporation,
**TENET RESOURCE POOL, GABRIELLE FINLEY-HAZLE,**
**MARK PHILLIPS,** and **YOLANDA BASSE,**
Appellants,

v.

**ACCREDITED HEALTH SOLUTIONS, INC.,** a Florida corporation,
Appellee.

No. 4D17-2229

[April 25, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. CACE 16 001794.

Martin B. Goldberg and Michael L. Ehren of Lash & Goldberg LLP, Miami, for appellants.

Mark E. Buechele, Davie, for appellee.

KUNTZ, J.

The defendants appeal the circuit court's non-final order denying their motion to dismiss and compel arbitration. The court concluded Accredited Health Solutions, Inc. ("Accredited Health") and Accredited Home Health Care of Broward, Inc. ("Accredited Home") were separate corporate entities. Therefore, it reasoned that Accredited Health was not bound by an arbitration agreement in a contract between North Shore Medical Center, Inc. ("North Shore") and Accredited Home. The defendants argue the circuit court erred because Accredited Home was a predecessor entity to Accredited Health and, therefore, bound by the arbitration agreement. We agree and reverse.

Accredited Health alleged it is a "successor" to Accredited Home, the entity that signed the contract containing the arbitration clause, and stated that the business of the prior entity "was transferred to the Plaintiff . . . which has continued the business of Accredited Home to the present." Accredited Health cannot escape the contract of its predecessor entity to the extent the claims at issue fall within the scope of the arbitration clause.

Thus, we must review the wording of the arbitration clause and the claims asserted by Accredited Health. In determining whether these claims fall within the scope of the arbitration agreement, we first acknowledge that we must interpret the arbitration clause broadly. *Tenet Healthcare Corp. v. Maharaj,* 787 So. 2d 241, 243 (Fla. 4th DCA 2001) (citing *Ocwen Fin. Corp. v. Holman,* 769 So. 2d 481, 483 (Fla. 4th DCA 2000)). Second, we recognize that we must enforce an agreement to arbitrate when the crux of the complaint relates to the contract. *Henderson v. Idowu,* 828 So. 2d 451, 453 (Fla. 4th DCA 2002).

With these guides in mind, we conclude Accredited Health's claims fall within the scope of the arbitration agreement. The arbitration clause at issue is broad and states that "[a]ny dispute or controversy arising under, out of or in connection with, or in relation to this Agreement, or any amendment hereof, or the breach hereof shall be determined and settled by final and binding arbitration."

As for the claims asserted, Accredited Health asserts a claim for tortious interference with a contractual relationship and a claim for violation of trade secrets. In the claim for tortious interference, Accredited Health alleged that North Shore caused third-party individuals to leave employment with Accredited Health to become directly employed by North Shore. Without more, the individual employees leaving their employment with Accredited Health for employment with North Shore may appear separate from the arbitration agreement. Yet Accredited Health alleged that North Shore used confidential information obtained as a result of the contractual relationship to employ these employees. And North Shore only learned of these employees as a result of its contract with Accredited Health. Similarly, Accredited Health asserts a claim for violation of trade secrets—the trade secret being the identity of the individual employees. Accredited Health specifically alleges North Shore misused information it obtained from Accredited Health as a result of the agreement.

The allegations in the complaint would not exist but for the contract with the arbitration clause. Therefore, the claims are subject to arbitration and the circuit court's order denying the motion to compel arbitration is reversed.

*Reversed and remanded.*

TAYLOR and KLINGENSMITH, JJ., concur.

\* \* \*

2

*Not final until disposition of timely filed motion for rehearing.*