# Third District Court of Appeal

## State of Florida

Opinion filed March 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1834
Lower Tribunal No. 19-3990
_____

## West Bay Plaza Condominium Association, Inc.,
Appellant,

vs.

## Sika Corporation,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Agnant & Lambdin LLC, and Keith J. Lambdin, Erik J. Willman and Sarah E. Lam (Fort Lauderdale), for appellant.

Shutts & Bowen LLP, and Timothy D. Woodward and William C. Matthews, Jennifer P. Sommerville and Shane P. Fitzsimmons, for appellee.

Before EMAS, HENDON and GORDO, JJ.

GORDO, J.

West Bay Plaza Condominium Association, Inc. appeals a trial court order granting a motion to dismiss a count of its complaint due to improper venue. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(A). Because the trial court did not err in enforcing the mandatory forum selection clause and finding venue was proper in New Jersey, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

West Bay Plaza Condominium Association, Inc. governs and manages a condominium property located in Miami Beach, Florida. In late 2013 and early 2014, West Bay entered into contracts with Built Right Installers International Corporation, R.J. Miranda Consultants, Inc. and UCI Engineering Inc. to effectuate exterior repairs to its property. In 2014, Westchester Fire Insurance Company provided West Bay a performance bond. As the repair progressed disputes arose between the parties regarding the quality of the work, delays and other construction issues. In 2016, Sika Corporation, a New Jersey corporation, executed a five-year Standard Limited Warranty for West Bay for three sealant products used to repair the garage.

In February 2019, West Bay filed a complaint against Built Right, R.J. Miranda, UCI Engineering and Westchester Fire for breach of contract and professional negligence. A month later, West Bay filed an amended

2

complaint adding Sika as a party and raised a single cause of action that alleged Sika breached the warranty because its products failed to provide a watertight barrier. Sika filed a motion to dismiss alleging Florida was an improper venue because the warranty contained a mandatory forum selection clause requiring all actions stemming from the agreement be brought in New Jersey. West Bay responded, arguing it was not bound by the forum selection clause because it was a non-signatory and even if it was, compelling reasons existed to decline enforcement of the clause in this case. On August 5, 2021, the trial court held a hearing on the motion and granted Sika's motion to dismiss finding the parties were bound to litigate in the chosen forum, New Jersey. This appeal followed.

## LEGAL ANALYSIS

"The interpretation of a contractual forum selection clause is a question of law, such that our standard of review is de novo." Am. Safety Cas. Ins. Co. v. Mijares Holding Co., LLC, 76 So. 3d 1089, 1091 (Fla. 3d DCA 2011). "[A]n order granting a motion to dismiss [also] presents a pure question of law and is subject to de novo review." Abitbol v. Benarroch, 273 So. 3d 147, 153 (Fla. 3d DCA 2019).

"Florida law presumes that the forum selection clauses in contracts are valid and enforceable, and a party seeking to avoid enforcement of such a

3

clause must establish that enforcement would be unjust or unreasonable." Mijares Holding, 76 So. 3d at 1092. "A party seeking to avoid enforcement of a mandatory forum selection clause bears a heavy burden of establishing that the enforcement is unjust or unreasonable and must demonstrate that the contractually designated forum essentially amounts to 'no forum at all,' thereby depriving the party of its day in court." Est. of Stern v. Oppenheimer Tr. Co., 134 So. 3d 566, 568 (Fla. 3d DCA 2014) (quoting id.); see also Manrique v. Fabbri, 493 So. 2d 437, 440 n.4 (Fla. 1986).

"'[A] forum selection clause is mandatory where the plain language used by the parties indicates "exclusivity."'" Antoniazzi v. Wardak, 259 So. 3d 206, 209 (Fla. 3d DCA 2018) (quoting Espresso Disposition Corp. 1 v. Santana Sales & Mktg. Grp., Inc., 105 So. 3d 592, 595 (Fla. 3d DCA 2013)); see also Celistics, LLC v. Gonzalez, 22 So. 3d 824, 826 (Fla. 3d DCA 2009). Here, it is undisputed by the parties that the forum selection clause at issue is mandatory.[1]

West Bay argues, however, that because it is a non-signatory to the warranty it should not be bound by the mandatory forum selection clause. "[T]his Court has previously held that the mandatory nature of a forum

---

[1] The warranty specifically provides, "[t]he parties submit to the exclusive jurisdiction of the federal and state courts in the State of New Jersey to resolve any disputes arising out of, or in connection with, this Warranty."

4

selection clause 'equally applies to the non-signatory defendants due to the fact that the claims arise directly from the agreement, as well as due to the nature of the commercial relationship of the parties as it relates to the agreement itself.'" Antoniazzi, 259 So. 3d at 210 n.4 (quoting Reyes v. Claria Life & Health Ins. Co., 190 So. 3d 154, 159 n.2 (Fla. 3d DCA 2016)); see also World Vacation Travel, S.A., v. Brooker, 799 So. 2d 410, 412–413 (Fla. 3d DCA 2001). Further, where the "resolution of the plaintiffs' claims requires reference to" the agreement with the forum selection clause and the claims brought specifically reference that agreement, there is "a significant relationship and clear nexus" between the agreement and the claims and the forum selection clause therefore applies. Inspired Cap., LLC v. Condé Nast, 225 So. 3d 980, 982 (Fla. 3d DCA 2017); Antoniazzi, 259 So. 3d at 210 n.4 (finding the mandatory forum selection clause in an agreement applied where "the actions asserted in the complaint" arose directly out of the agreement between the parties). In its complaint, West Bay solely raises a claim of breach of express warranty against Sika. Thus, because resolution of West Bay's claim requires reference to the warranty and there is a significant relationship and clear nexus between the claim and the warranty, the forum selection clause applies.

West Bay next argues that compelling reasons exist to decline enforcement of the forum selection clause because the clause creates multiple lawsuits, increased judicial labor, increased expenses to all parties and could create inconsistent results. In this case, there are no crossclaims involved or complex litigation questions. See Love's Window & Door Installation, Inc. v. Acousti Eng'g Co., 147 So. 3d 1064, 1065–66 (Fla. 5th DCA 2014) (finding a compelling reason not to enforce a forum selection clause where the litigation involved numerous third and fourth party complaints). The sole cause of action against Sika is the breach of warranty claim that is completely unrelated to the other contracts and to the causes of actions raised against the other defendants. Sika's only involvement was supplying the sealant used in the garage. "[F]orum selection clauses should be enforced in the absence of a showing that enforcement would be unreasonable or unjust." Manrique, 493 So. 2d at 440. "Parties have the right to control their litigation destinies by bargaining for the ability to litigate in a specific forum." Am. Online, Inc. v. Booker, 781 So. 2d 423, 425 (Fla. 3d DCA 2001). Here, West Bay seeks to raise a claim against Sika pursuant to a warranty whose terms explicitly selected New Jersey as a forum without demonstrating that enforcement of this clause would be unreasonable or unjust. We find requiring West Bay to pursue its claim for breach of warranty

6

in New Jersey does not essentially amount "to 'no forum at all,' thereby depriving [West Bay] of its day in court." <u>Est. of Stern</u>, 134 So. 3d at 568.

Affirmed.