# Third District Court of Appeal

## State of Florida

Opinion filed July 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2201
Lower Tribunal No. 23-18356-CA-01
_____

**Yahya Trading Corp., et al.,**
Appellants,

vs.

**Noor Mohamed,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Charles Johnson, Judge.

Law Office of Alan I. Karten, PLLC, and Alan I. Karten (Boynton Beach), for appellants.

Giasi Law, PA., Melissa A. Giasi and Albert A. Zakarian, for appellee.

Before SCALES, C.J., and FERNANDEZ and GORDO, JJ.

GORDO, J.

Yahya Trading Corporation ("Yahya") and Magid Rashidzada ("Magid") appeal a non-final order denying their motion to dismiss Noor Mohamed's ("Noor") counterclaims for improper venue. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(A). We reverse and remand with instructions.

**I.**

Yahya is a trading business partly owned by Noor and Magid. Magid is a shareholder of Yahya and Noor serves as both a shareholder and director. Yahya filed the underlying action against Noor, asserting claims for negligence and breach of fiduciary duty owed to the company. Magid did not join the action as a plaintiff.

Noor filed counterclaims against Yahya and added Magid and another entity M&N International, LLC ("M&N") as defendants. M&N is a separate company in which Noor and Magid are members and conduct real estate transactions. Noor asserted eight counterclaims in total, five[1] of which exclusively arose from a separate real estate transaction between him and Magid through M&N. Yahya is neither a member of M&N nor a party to that transaction.

---

[1] Breach of contract (count II), breach of fiduciary duty (count III), breach of implied covenant of good faith and dealing (count IV), unjust enrichment (count V) and judicial dissolution of M&N (count VII).

Yahya and Magid moved to dismiss the subject counterclaims for improper venue, arguing they arise from a transaction governed by an agreement ("Real Estate Agreement") that contains a forum selection clause requiring Noor and Magid to litigate any dispute in the United States District Court for the Eastern District of New York.

The trial court denied the motion to dismiss. This appeal followed.

## II.

"To the extent [a] trial court's order denying the motion to dismiss for improper venue [is] based on interpretation of the contract's forum selection clause, this court reviews that determination de novo." Royal Caribbean Cruises Ltd. v. Ooi, 386 So. 3d 218, 221 (Fla. 3d DCA 2023). "We likewise apply de novo review to an order on a motion to dismiss." Id.

## III.

Yahya and Magid argue the trial court improperly denied their motion to dismiss the subject counterclaims as they arise from the Real Estate Agreement which contains a mandatory forum selection clause. They assert the court conflated the choice-of-law provision in M&N's operating agreement ("LLC Agreement")[2] with the forum selection clause in the Real

---

[2] This agreement outlines M&N's management and ownership structure.

3

Estate Agreement, notwithstanding the legal distinction between the two. We agree.

The LLC Agreement is an operating agreement for M&N between Noor and Magid, to which Yahya is neither a member nor a signatory. Conversely, the Real Estate Agreement is a separate agreement between Noor and Magid as members of M&N. It deals with a real estate transaction to which Yahya was not a party and made no allegations in the original complaint regarding that transaction.[3]

We start with the basic observation that a choice of law clause is legally distinct from a forum selection clause. The former specifies which

---

[3] Noor argues the subject counterclaims were compulsory because they arose from the same transaction or occurrence and had to be filed to avoid waiver. Yahya sued Noor for negligence and breach of fiduciary duty. In response, Noor counterclaimed against Yahya and added Magid, alleging real estate transaction disputes involving him and Magid—one in which Yahya was not a party. Yahya's complaint contains no allegations related to those disputes. Because the subject counterclaims do not arise from the same operative facts or involve the transaction that forms the subject matter of Yahya's claims, they are not compulsory. See Londono v. Turkey Creek, Inc., 609 So. 2d 14, 19-20 (Fla. 1992) ("A compulsory counterclaim is 'a defendant's cause of action arising out of the transaction or occurrence that formed the subject matter of the plaintiff's claim' . . . Consequently, the 'logical relationship test' is the yardstick for measuring whether a claim is compulsory . . . A claim has a logical relationship to the original claim if it *arises* out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.") (citations omitted).

4

jurisdiction's laws will govern the contract, while the latter designates the specific court or location where disputes will be resolved.  See Tribeca Asset Mgmt., Inc. v. Ancla Int'l, S.A., 336 So. 3d 246, 248 (Fla. 2022) ("Choice of law clauses reflect 'an agreement between parties to be bound by the substantive laws of another jurisdiction.'" (quoting Se. Floating Docks, Inc. v. Auto-Owners Ins. Co., 82 So. 3d 73, 80 (Fla. 2012))); Holder v. Burger King Corp., 576 So. 2d 973, 974 (Fla. 2d DCA 1991) ("Forum selection clauses are agreements by the parties concerning where disputes are to be resolved.").

### *Choice of Law Clause*

The LLC Agreement between Noor and Magid includes the following clause:

> This Agreement shall be governed by, and construed under, the laws of the State of Florida, all rights and remedies being governed by said laws.

This clause is commonly referred to as a choice of law clause.  See Tribeca Asset Mgmt., 336 So. 3d at 248 ("Choice of law clauses consistently provide that the agreement be governed, construed, interpreted, or enforced by or in accordance with the laws of the State of Florida or another state of the parties' choosing.").

5

A choice of law clause does not require or bind the parties to physically litigate in a particular location.  See <u>Mukamal v. Marcum LLP</u>, 223 So. 3d 422, 428 (Fla. 3d DCA 2017) (holding that a "choice of law provision does not dictate the forum the parties must litigate in; it only provides that [a specific state] law shall be applied in the parties' chosen forum").[4]

***Forum Selection Clause***

The Real Estate Agreement between Noor and Magid contains the following clause:

> This Agreement is governed by the Laws of the State of New York and the venue of any dispute between the Members or M&N shall be the United States District Court for the Eastern District of New York.

A clause by which parties stipulate to a particular forum for future litigation is known as a forum selection clause.  See <u>Rudman v. Numismatic Guar. Corp. of Am.</u>, 298 So. 3d 1212, 1214 (Fla. 3d DCA 2020) (holding that a forum selection clause reflects an agreement by which the parties "may stipulate to a particular forum in which to resolve future disputes, and such forum selection clauses are presumptively valid" (quoting <u>Am. K-9 Detection Servs., Inc. v. Cicero</u>, 100 So. 3d 236, 238 (Fla. 5th DCA 2012)).

---

[4]  We note the LLC Agreement contains no forum selection clause.

The Real Estate Agreement clearly and unambiguously contains a forum selection clause which is mandatory. Noor and Magid did not merely suggest New York as one option among others. They instead explicitly agreed that "any dispute" between the members "shall be" litigated in the District Court for the Eastern District of New York. Because the forum selection clause in the Real Estate Agreement is mandatory, we find the trial court erred in denying the motion to dismiss the subject counterclaims for improper venue. See Mgmt. Comput. Controls, Inc. v. Charles Perry Constr., Inc., 743 So. 2d 627, 631 (Fla. 1st DCA 1999) ("If the venue clause is phrased in mandatory terms, each party has a contractual right to demand that the case be litigated in the forum referred to in the contract."); Glob. Com. Roofing, LLC v. iCrete, LLC, 410 So. 3d 735, 737-39 (Fla. 3d DCA 2025) ("A crucial question in interpreting a forum selection clause is whether the clause is permissive or mandatory. Permissive forum selection clauses constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in another forum. By contrast, mandatory forum selection clauses provide for a mandatory and exclusive place for future litigation . . . [I]f the forum selection clause states or clearly indicates that any litigation must or **shall** be initiated in a specified forum, then it is mandatory. Here, the clause at issue is clear and

7

unambiguous on its face. It follows that for the contracting parties to 'acknowledge' and 'agree' that litigation involving the contract '*shall* be settled with venue in Lee County,' they intended for venue to be in exclusively in Lee County. The parties here did not merely suggest Lee County as one option among others or waive objections to jurisdiction in Lee County—they 'agreed' that 'any controversy or claim arising out of or relating to this Contract, or the breach thereof, shall be settled with venue in Lee County, FL.' When parties designate a specific county in Florida by name, using words of exclusivity like 'agree' and 'shall,' they intend to mandate that venue . . . Thus, we hold that this venue selection clause is mandatory.") (internal quotation marks and citations omitted).

## IV.

Noor argues that even if the forum selection clause is mandatory, Florida is the only convenient forum for litigating his claims against Magid arising from the Real Estate Agreement. We find no merit in this argument, as Noor did not show that enforcing the forum selection clause would be unreasonable or unjust. See Fairbanks Contracting & Remodeling, Inc. v. Hopcroft, 169 So. 3d 282, 284 (Fla. 4th DCA 2015) ("'Unambiguous mandatory forum selection clauses contained in contract documents are presumptively valid and should be enforced in the absence of a showing that

8

enforcement would be unreasonable or unjust.'  Appellees did not show that enforcement would be unreasonable or unjust." (quoting Swarovski N. Am., Ltd. v. House of China, Crystal & Silver, Inc., 848 So. 2d 452, 453 (Fla. 4th DCA 2003))); Royal Caribbean Cruises, Ltd. v. Clarke, 148 So. 3d 155, 157 (Fla. 3d DCA 2014) ("[F]orum selection clauses are 'prima facie valid' and enforceable.  The party contesting the application of a forum selection clause bears the burden of establishing its non-enforcement . . . Clarke offered no evidence to avoid enforcement of the forum selection clause." (quoting Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 589 (1991))); Pierce L. Grp., LLP v. Factor, 408 So. 3d 148, 152 (Fla. 3d DCA 2025) ("If the forum selection clause states or clearly indicates that any litigation must or shall be initiated in specified forum, then the clause is mandatory and must be honored by the trial court in the absence of a showing that the clause is unreasonable or unjust.  Enforcement of a forum selection clause is unreasonable and unfair only when the designated forum amounts to no forum at all.  Because there is nothing in the record suggesting that Los Angeles, California amounts to no forum at all, the venue selection clause should be enforced.") (internal quotation marks and citations omitted); Prop. Registration Champions, LLC v. Mulberry, 373 So. 3d 675, 679 n.4 (Fla. 5th DCA 2023) ("To clear this high legal hurdle, the party seeking avoidance

9

must demonstrate much more than 'mere inconvenience or additional expense'; rather he must establish that 'trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.' Mulberry presents no such argument in this case." (quoting Manrique v. Fabbri, 493 So. 2d 437, 440 n.4 (Fla. 1986))).

Accordingly, we reverse the trial court's order denying Yahya and Magid's motion to dismiss for improper venue and remand for further proceedings consistent herewith.

Reversed and remanded with instructions.